**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                           Criminal No. 08-cr-19-01-PB

Anthony Seward,
aka Anthony Dukes

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on January 16, 2009, for the purpose of determining whether to detain defendant, Anthony Seward, aka Anthony Dukes, who has been indicted on one count of possession with intent to distribute cocaine and one count of possession with intent to distribute morphine.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt;
(3) the history and characteristics of the accused, including
family ties, past history, financial resources and employment;
and (4) the nature and seriousness of the danger to any person or
the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government typically retains the burden of
persuading the court that "'no condition or combination of
conditions will reasonably assure' the defendant's presence at
trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st
Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d
15, 17–18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d
789, 793 (1st Cir. 1991).  For its part, the government is
required to offer clear and convincing evidence of dangerousness;
and a preponderance of the evidence to prove risk of flight.  See
Patriarca, 948 F.2d at 792–93.  Facts necessary to find that no
combination will reasonably assure the safety of any person and
the community require satisfaction of the "clear and convincing"
standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a
presumption arises that no condition or combination of conditions
will reasonably assure the appearance of a defendant and the

safety of the community.  Among the instances where a presumption
arises is the situation where,

> the judicial officer finds that there is probable cause to
> believe that the person committed an offense for which a
> maximum term of imprisonment of ten years or more is
> prescribed in the Controlled Substances Act (21 U.S.C. 801
> et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes
probable cause to believe that the offenses charged have been
committed and that the defendant has committed them.  Further,
the offenses charged against defendant are ones for which a
maximum term of imprisonment is ten years or more, as prescribed
in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See
United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).
Thus, Section 3142(e)'s rebuttable presumption that "no condition
or combination of conditions will reasonably assure [defendant's]
appearance . . . and the safety of the community . . ." is
triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C.
§ 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157,
162–63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the
defendant must present evidence which demonstrates that "what is
true in general is not true in [his] particular case." United

3

States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably,
the burden is one of production, not of persuasion.  Id. at 380–
81.

Here, I find that the defendant fails to rebut the
presumption with regard to risk of flight and danger to the
community.  Specifically, this is a drug crime in which the
defendant was found in possession.  He was stopped for going 65
in a 35 mph zone.  His passenger was drunk.  The officer saw the
car rocking as drugs were being hidden.  He gave a false name and
is an unregistered sex offender.  Upon inventory of the impounded
vehicle, the cocaine and marijuana were found.  The morphine was
found in his room.  He was arrested living in Massachusetts and
his New Hampshire ties are not solid.  He has a lengthy record.

The defendant here is precisely the type of individual
Congress envisioned when it established the statutory
presumption.

Aside from the presumption imposed in this case by 18 U.S.C.
§ 3142(e), I am satisfied from the representations offered during
the hearing that no condition or combination of conditions will
reasonably assure the appearance of the defendant.

Upon full consideration of the arguments offered by the
government and defense, I am satisfied that the defendant has not

4

rebutted with any credible evidence the presumption that he poses a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

> **SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: January 16, 2009

cc:  Paul J. Garrity, Esq.
     Terry Ollila, Esq.
     U.S. Marshal
     U.S. Probation