```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                       Case No. 08-cr-19-PB

Anthony Seward


## O R D E R

Anthony Seward has filed a *pro se* motion asking me to recuse myself from this case. He bases his motion on comments I made at his January 19, 2010 sentencing hearing.

A few days prior to the hearing, Seward filed a *pro se* motion asking me to reconsider my prior ruling rejecting his request to withdraw from his guilty plea. I began the sentencing hearing by addressing this motion. I first questioned the prosecutor concerning her opposition to the motion given that the sentence she had agreed to in the plea agreement was substantially below the defendant's guideline sentencing range. During this colloquy, I expressed my view that the sentence called for in the plea agreement appeared to be too light given the information contained in the presentence report. I then entered into a discussion with the defendant and his counsel

concerning the potential risks and benefits that the defendant faced if I granted his motion.  During this discussion, I warned the defendant that he had little to gain and much to lose if I allowed him to withdraw from his guilty plea prior to sentencing. I explained that if he went forward with the sentencing, the government would be bound by its agreement to seek a 60-month sentence and he would retain the ability to withdraw from his guilty plea if I was unwilling to accept the agreed-upon sentence.  In contrast, if he withdrew from his guilty plea before I completed the sentencing hearing, the government would be free to seek a higher sentence in the event of a conviction than the sentence called for in the plea agreement.  I also expressed the view that an acquittal was unlikely given the evidence that the government had amassed against him.  At the end of the hearing, I gave the defendant a week to decide whether he wished to withdraw from his guilty plea.

   I do not have a bias against the defendant and I have no knowledge about the case apart from what I have learned in my capacity as the presiding judge.  My colloquy with the defendant was designed to help him examine his options before he made a difficult and, perhaps, self-destructive decision to withdraw

from a beneficial plea agreement.  A reasonable person would not question my impartiality on the basis of this colloquy.  Nevertheless, because the defendant appears to have misunderstood my effort to assist him in making an informed decision, I have decided to grant his request for recusal.

    I direct the clerk to reassign the case to another judge.

    SO ORDERED.

                                            /s/Paul Barbadoro
                                            Paul Barbadoro
                                            United States District Judge

February 1, 2010

cc:  Debra Walsh, Esq.
     Michael Ramsdell, Esq.
     United States Probation
     United States Marshal